UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jason J. Bolden,<br><br>           Plaintiff<br><br>v.<br><br>Clark County, et al.,<br><br>           Defendants | Case No. 2:24-cv-00704-CDS-BNW<br><br>**Order Dismissing for Want of Prosecution and Closing Case** |

On February 19, 2025, the court advised plaintiff Jason Bolden that his case would be dismissed for want of prosecution if no action was taken by March 21, 2025, because this case has been pending for more than 270 days with no activity. Notice, ECF No. 5. Bolden took no action by that deadline, so I dismiss this case sua sponte under Local Rule 41-1 for want of prosecution.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. House. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules); *see also* Local Rule 41-1 (authorizing dismissal of civil actions pending for more than 270 days without any proceeding of record). In determining whether to dismiss an action for failure to prosecute, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Thompson*, 782 F.2d at 831.

1  The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Bolden's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). Which Bolden has not done here. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor). However, courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Yet, here, no lesser sanction is available when a court cannot contact a plaintiff to discuss the alternatives; and issuing another order is not a meaningful alternative in this circumstance.[1] *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."). So the fifth factor favors dismissal.

---

[1] It appears that Bolden is no longer in the custody of the Clark County Detention Center so the copy of the LR 41-1 notice mailed to Bolden was returned as undeliverable. ECF No. 6. Local Rule IA 3-1 also permits dismissal of an action where a party fails to timely update their contact information.

Conclusion

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that this action is dismissed without prejudice under Local Rule 41-1.

The Clerk of Court is kindly instructed to enter judgment accordingly, and to close this case.

Dated: April 1, 2025

_____
Cristina D. Silva
United States District Judge